IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MANUEL GARZA AND § <br> ADRIANA GARZA § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ACCEPTANCE CASUALTY § <br> INSURANCE COMPANY § <br> Defendant § | CIVIL ACTION NO._____ <br> JURY DEMANDED |

### DEFENDANT ACCEPTANCE CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Acceptance Casualty Insurance Company in Cause No. C-5725-15-B pending in the 93rd District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1    On or about November 18, 2015, Plaintiffs filed their Original Petition in the matter styled *Manuel Garza and Adriana Garza v. Acceptance Casualty Insurance Company*, in the 93rd District Court, Hidalgo County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy.

1.2    Plaintiffs served Acceptance Casualty Insurance Company (hereinafter "Acceptance") with Plaintiffs' Original Petition and process on December 8, 2015.

1

1.3     Plaintiffs' Original Petition states that their property sustained hail and/or wind damages.  *See* Plaintiffs' Original Petition at p. 3, ¶ 10.

1.4   Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A", is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. ¶¶ 1332, 1441(a) and 1446.

2.2     Plaintiffs are, and were at the time the lawsuit was filed, residents of the State of Texas.  *See* Plaintiffs' Original Petition, at p. 1, ¶ 2.

2.3     Defendant Acceptance Casualty Insurance Company (hereinafter "Acceptance") is incorporated and has its principal place of business in Nebraska. Accordingly, Acceptance is a citizen of Nebraska.

**A.  There is Complete Diversity.**

2.4     It is undisputed that Plaintiffs are citizens of Texas.  Because the defendant in this case, Acceptance Casualty Insurance Company, is a foreign defendant, there is complete diversity in this case, making removal appropriate.  *See* 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.5     Acceptance Casualty Insurance Company is incorporated and has its principal place of business in Nebraska, not Texas.  Accordingly, Acceptance Casualty Insurance Company is a citizen of the State of Nebraska.

2.6     Because there is complete diversity, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

2.7     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiffs' complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.8     Here, Plaintiffs have asserted various causes of action against Acceptance, including breach of contract, violations of Chapter 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. *See* Plaintiffs' Original Petition, pp. 7-10, ¶¶ 29-47. Plaintiffs' Original Petition seeks numerous forms of damages, including compensatory damages, consequential damages, statutory penalties, treble damages, exemplary damages, and attorney's fees. *See* Plaintiffs' Original Petition, pp. 10-12, ¶¶ 48-55.

2.9     Plaintiffs' Original Petition states that Plaintiffs "are seeking only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. More specifically, Plaintiffs are seeking monetary relief of $73,714.13." Plaintiffs' Original Petition, p. 2, ¶ 4.

2.10    The foregoing statement, together with the various claims for damages sought by Plaintiffs, satisfies the amount-in-controversy jurisdictional requirement. First, Plaintiffs state that they are seeking $100,000 or less. Although they qualify that they are

3

seeking monetary relief of $73,714.13, they do not discuss whether this amount (unlike the $100,000 amount) includes all damages, penalties, costs, expenses, interest, and attorney's fees. Further, by characterizing the $73,714.13 as "monetary *relief*", Plaintiffs are presumably excluding their claim for exemplary damages, which are punitive and not compensatory in nature.

2.11  Thus, Defendant Acceptance has met the requirements to remove this case to federal court. *See Vielma v. ACC Holding, Inc*., No. EP–12–CV–501–KC, 2013 WL 3367494 (W.D. Tex. 2013).

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1  Defendant Acceptance was first served with Plaintiffs' Original Petition and process on December 8, 2015. Defendant Acceptance files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2  Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending, and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3  Pursuant to 28 U.S.C. § 1446(d), promptly after Acceptance files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.4  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Acceptance files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Acceptance Casualty Insurance Company hereby removes this case to this Court for trial and determination.

By:     /s/ Thomas F. Nye

Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANT
ACCEPTANCE CASUALTY
INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361)654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on January 7, 2016, a copy of Defendant Acceptance Casualty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs Manuel Garza and Adriana Garza:

*Attorney for Plaintiffs*

Shaun W. Hodge
Attorney-in-charge
State Bar No. 24052995
Hodge Law Firm, PLLC
Old Galveston Square Building
2211 The Strand, Suite 302
Galveston, Texas 77550

**Via CM/RR # 7012 2920 0001 5084 7930**

                                                                    /s/Thomas F. Nye
                                                                     Thomas F. Nye