93RD DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-5725-15-B

Manuel Garza and Adriana Garza
VS.
Acceptance Casualty Insurance Company

§
§
§
§

Location: **93rd District Court**
Judicial Officer: **Delgado, Rodolfo "Rudy"**
Filed on: **11/18/2015**

---

### CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt (OCA)**
Subtype: **Hail Storm 2012 - 93rd**

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | C-5725-15-B |
| Court | 93rd District Court |
| Date Assigned | 11/18/2015 |
| Judicial Officer | Delgado, Rodolfo "Rudy" |

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| Plaintiff | Garza, Adriana | **Hodge, Shaun Wesley** *Retained* 409-763-3260(W) |
| | Garza, Manuel | **Hodge, Shaun Wesley** *Retained* 409-763-3260(W) |
| Defendant | Acceptance Casualty Insurance Company c/o CT Corporation System | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/01/2015 | Service Issued *SENT BY C/M 9214 8901 0661 5400 0074 8981 27* | |
| 12/01/2015 | **Citation By Certified Mail** Acceptance Casualty Insurance Company c/o CT Corporation System Unserved *9214 8901 0661 5400 0074 8981 27* | |
| 11/18/2015 | Original Petition (OCA) *Plaintiff's Original Petition* | |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** Garza, Manuel
Total Charges 410.00
Total Payments and Credits 410.00
**Balance Due as of 12/29/2015** 0.00

DATE __12/29/15__
A true copy I certify
LAURA HINOJOSA
District Clerk-Hidalgo County, Texas
By _____ Deputy

**EXHIBIT**
**B**

PAGE 1 OF 1

*Printed on 12/29/2015 at 10:37 AM*

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __C-5725-15-B_____   COURT *(FOR CLERK USE ONLY):* _____

STYLED __Manuel Garza and Adriana Garza v. Acceptance Casualty Insurance Company_____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Shaun W. Hodge | **Email:**<br>shodge@hodgefirm.com | Plaintiff(s)/Petitioner(s):<br>Manuel Garza<br><br>Adriana Garza | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| **Address:**<br>2211 The Strand, Suite 302 | **Telephone:**<br>(409) 762-5000 | | Additional Parties in Child Support Case: |
| **City/State/Zip:**<br>Galveston, Texas | **Fax:**<br>(409) 763-2300 | Defendant(s)/Respondent(s):<br>Acceptance Casualty<br>Insurance Company | Custodial Parent:<br><br>Non-Custodial Parent: |
| **Signature:**<br>/s/ Shaun Hodge | **State Bar No:**<br>24052995 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>  Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>  List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***

☒Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐Less than $100,000 and non-monetary relief<br>
☐Over $100, 000 but not more than $200,000<br>
☐Over $200,000 but not more than $1,000,000<br>
☐Over $1,000,000

DATE __12/29/15__

A true copy I certify

LAURA HINOJOSA<br>
District Clerk, Hidalgo County, Texas

By _____ Deputy #14

Rev 2/13

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. 5725-15-B

| | | |
|---|---|---|
| **MANUEL GARZA AND** | § | **IN THE DISTRICT COURT OF** |
| **ADRIANA GARZA,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ACCEPTANCE CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | **_____ JUDICIAL DISTRICT** |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Manuel Garza and Adriana Garza ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Acceptance Casualty Insurance Company ("ACIC" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiffs Manuel Garza and Adriana Garza are individuals residing in Hidalgo County, Texas.

3. Defendant ACIC is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Page 1

DATE 12/29/15
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. More specifically, Plaintiffs are seeking monetary relief of $73,714.13. Plaintiffs reserve the right to amend the petition during and/or after the discovery process.

5.  The Court has jurisdiction over Defendant ACIC because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6.  Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.  Plaintiffs are the owner of a Texas Homeowners' Insurance Policy number ACH000005063-1 (hereinafter referred to as "the Policy"), which was issued by ACIC.

8.  Plaintiffs own the insured property, which is specifically located at 3309 Yvonne, Edinburg, Texas 78542, in Hidalgo County (hereinafter referred to as "the Property").

9.  ACIC sold the Policy insuring the Property to Plaintiffs.

Page 2

C-5725-15-B

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

10. On or about April 20, 2014, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence. After the storm, Plaintiffs filed a claim with their insurance company, ACIC, for the damages to their home caused by the hail storm and/or windstorm.

11. Plaintiffs submitted a claim to ACIC against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

12. Plaintiffs asked that ACIC cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the interior water damages to the Property, pursuant to the Policy.

13. Defendant ACIC set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair the home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which is entitled under the Policy.

14. As detailed in the paragraphs below, ACIC wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, ACIC underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

15.  To date, ACIC continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to the home.

16.  Defendant ACIC failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. ACIC's conduct constitutes a breach of the insurance contract between ACIC and Plaintiffs.

17.  Defendant ACIC misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant ACIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.  Defendant ACIC failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant ACIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

19.    Defendant ACIC failed to explain to Plaintiffs the reasons for their offer of an inadequate
       settlement. Specifically, Defendant ACIC failed to offer Plaintiffs adequate compensation,
       without any explanation why full payment was not being made. Furthermore, Defendant
       ACIC did not communicate that any future settlements or payments would be forthcoming
       to pay for the entire losses covered under the Policy, nor did they provide any explanation
       for the failure to adequately settle Plaintiffs' claim. Defendant ACIC's conduct is a
       violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE
       §541.060(a)(3).

20.    Defendant ACIC failed to affirm or deny coverage of Plaintiffs' claim within a reasonable
       time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection,
       regarding the full and entire claim, in writing from Defendant ACIC. Defendant ACIC's
       conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.
       TEX. INS. CODE §541.060(a)(4).

21.    Defendant ACIC refused to fully compensate Plaintiffs, under the terms of the Policy, even
       though Defendant ACIC failed to conduct a reasonable investigation. Specifically,
       Defendant ACIC performed an outcome-oriented investigation of Plaintiffs' claim, which
       resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.
       Defendant ACIC's conduct constitutes a violation of the Texas Insurance Code, Unfair
       Settlement Practices. TEX. INS. CODE §541.060(a)(7).

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

22.  Defendant ACIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  ACIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23.  Defendant ACIC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. ACIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.  Defendant ACIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. ACIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.  From and after the time Plaintiffs' claim was presented to Defendant ACIC, the liability of ACIC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ACIC has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  ACIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

26.   Defendant ACIC knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

27.   As a result of Defendant ACIC's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing Plaintiffs with respect to these causes of action.

28.   Plaintiffs' experience is not an isolated case. The acts and omissions ACIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of ACIC with regard to handling these types of claims. ACIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ACIC

29.   Defendant ACIC is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, intentional breach of the common law duty of good faith and fair dealing, and fraud.

### BREACH OF CONTRACT

30.   Defendant ACIC's conduct constitutes a breach of the insurance contract made between ACIC and Plaintiffs.

31.   Defendant ACIC's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of ACIC's insurance contract with Plaintiffs.

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.    Defendant ACIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.    Defendant ACIC's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34.    Defendant ACIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ACIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35.    Defendant ACIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36.    Defendant ACIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

37.    Defendant ACIC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38.    Defendant ACIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

39.    Defendant ACIC's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

40.    Defendant ACIC's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

41.    Defendant ACIC's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

42.    Defendant ACIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

43.     Defendant ACIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, ACIC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

FRAUD

44.     Defendant ACIC is liable to Plaintiffs for common law fraud.

45.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as was done, and which Defendant ACIC knew were false or made recklessly without any knowledge of their truth as a positive assertion.

46.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

**KNOWLEDGE**

47.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

**DAMAGES**

48.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

49.   As previously mentioned, the damages caused by the April 20, 2014 hail storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant ACIC's mishandling of Plaintiffs' claim in violation of the laws set forth above.

50.   For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

51.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

52.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

53.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

54.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

C-5725-15-B

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

55.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

56.   Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

57.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on the behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may be shown that Plaintiffs are justly entitled.

Respectfully submitted,

**HODGE LAW FIRM, PLLC**

Shaun W. Hodge

**C-5725-15-B**

Electronically Filed
11/18/2015 2:18:10 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

HODGE LAW FIRM, PLLC
State Bar No. 24052995
Old Galveston Square Building
2211 The Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

**ATTORNEY FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **MANUEL GARZA AND** | § | |
| **ADRIANA GARZA** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **ACCEPTANCE CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant** | § | |

## VERIFICATION

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Thomas F. Nye, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Thomas F. Nye. I am one of the Attorneys of Record for Defendant Acceptance Casualty Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Acceptance Casualty Insurance Company's Original Answer, filed with the Hidalgo County District Clerk in Cause No. C-5725-15-B on January 4, 2016. Attached hereto as 'Exhibit 2' is a true and correct copy of Defendant Acceptance Casualty Insurance Company's Demand for Jury, filed with the Hidalgo County District Clerk in Cause No.

C-5725-15-B on January 4, 2016. These factual statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.

_____
Thomas F. Nye

SUBSCRIBED AND SWORN TO BEFORE ME by Thomas F. Nye on this the 7th

day of January, 2016, to certify which witness my hand and official seal.

_____
Notary Public, in and for the
State of Texas

NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

CAUSE NO. C-5725-15-B

| | | |
|---|---|---|
| MANUEL GARZA AND | § | IN THE DISTRICT COURT |
| ADRIANA GARZA | § | |
| | § | |
| VS. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| ACCEPTANCE CASUALTY | § | |
| INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT, ACCEPTANCE CASUALTY INSURANCE COMPANY'S
## ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ACCEPTANCE CASUALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

      a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

      b.    that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.



Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.      In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.      Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.      Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event

Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant go hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
        Thomas F. Nye
        State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT ACCEPTANCE
CASUALTY INSURANCE COMPANY

Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 4th day of January, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Shaun W. Hodge
Hodge Law Firm, PLLC
Email: shodge@hodgefirm.com

**VIA E-FILING**

Thomas F. Nye

Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

## VERIFICATION OF R. TRAVIS MILLER

THE STATE          §
                       §

OF TEXAS           §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Acceptance Casualty Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendant's Original Answer and Plea in Abatement and it is true and correct."

Further affiant sayeth not.

_____

R. Travis Miller, an authorized agent for
Acceptance Casualty Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 4th day of January, 2016, to witness my hand and official seal of office.

SUSAN STONE
Notary Public, State of Texas
My Commission Expires
May 08, 2017

_____

Notary Public in and for
the State of Texas

Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

CAUSE NO. C-5725-15-B

| | | |
|---|---|---|
| MANUEL GARZA AND | § | IN THE DISTRICT COURT |
| ADRIANA GARZA | § | |
| | § | |
| VS. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| ACCEPTANCE CASUALTY | § | |
| INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, ACCEPTANCE CASUALTY INSURANCE COMPANY, Defendant in the above-referenced cause, and demands a trial by jury. The jury fee has previously been paid by the Plaintiffs.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT ACCEPTANCE CASUALTY INSURANCE COMPANY



Electronically Filed
1/4/2016 11:56:01 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 4ᵗʰ day of January, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Shaun W. Hodge
Hodge Law Firm, PLLC
Via email: shodge@hodgefirm.com

**VIA E-FILING**

Thomas F. Nye